UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

MARK CRAIG CARPENTER,
individually and on behalf of
others similarly situated,

    Plaintiff,

vs.

GREGORY PEST SOLUTIONS, INC.,

    Defendant.
_____/

**COLLECTIVE ACTION**

**COMPLAINT**

### I.    INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover unpaid overtime and minimum wages owed to Plaintiff MARK CRAIG CARPENTER (hereinafter "CARPENTER" or "Plaintiff") and all others similarly-situated to him who were formerly or are currently employed as pest control technicians by Defendant GREGORY PEST SOLUTIONS, INC., (hereinafter "GREGORY PEST SOLUTIONS" or "Defendant").

2. GREGORY PEST SOLUTIONS employs these employees in twelve different states, and also throughout the state of Florida, with its district office located in Orlando, Florida.

3. For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), GREGORY PEST SOLUTIONS had a

policy and practice of not correctly compensating its pest control technicians for work performed for the benefit of GREGORY PEST SOLUTIONS over and above forty (40) hours per week, to wit: virtually all pest control technicians received performance based sales commissions and team bonuses without said commissions and bonuses being added to the regular rate of pay to determine the proper overtime rate.

4. For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), GREGORY PEST SOLUTIONS had a policy and practice of not paying the requisite minimum wage to its pest control technicians for work performed for the benefit of GREGORY PEST SOLUTIONS. To wit: many pest control technicians were paid only $7.25 per hour, the federally mandated minimum wage, even though many of the states where Defendant has employees and conducts business have a higher minimum wage. For example, Plaintiff resides and worked for Defendant in the Middle District of Florida, where the requisite minimum wage is $8.46 per hour. Despite Florida's higher minimum wage, Defendant paid Plaintiff only $7.25 per hour for at least one week of his employment, in violation of the Florida Minimum Wage Act and the Fair Labor Standards Act.

5. Plaintiff and all similarly situated employees shall be referred to as "non-exempt hourly plus bonus/commission employees" for the purpose of this complaint.

6. Pursuant to the FLSA, CARPENTER, on behalf of himself and all others similarly situated to him who were formerly or are currently employed

as non-exempt hourly plus bonus/commission employees for GREGORY PEST SOLUTIONS during the liability period, seek unpaid overtime compensation, unpaid minimum wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

7. CARPENTER will request the Court to authorize concurrent notice to all non-exempt hourly plus bonus/commission employees who are employed by GREGORY PEST SOLUTIONS or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) as defendant is deemed to reside in the Middle District of Florida because it maintains offices in Orange County, Florida, within the Middle District.

## PARTIES

### Plaintiff MARK CRAIG CARPENTER

10. CARPENTER was, at all material times, a resident of Seminole County, Florida and worked for Defendant out of its offices in Orlando, Florida.

11. CARPENTER was, at all material times, a covered, non-exempt employee of GREGORY PEST SOLUTIONS within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

### Defendant GREGORY PEST SOLUTIONS

12. GREGORY PEST SOLUTIONS employed CARPENTER in its Orlando office as a pest control technician from approximately June 2016 through July 29, 2019.

13. Defendant, GREGORY PEST SOLUTIONS is a South Carolina Corporation doing business in Orange County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207, at the location where CARPENTER was employed.

14. During the portions of the Liability Period, CARPENTER worked for GREGORY PEST SOLUTIONS, CARPENTER regularly worked in excess of forty (40) hours per week without receiving the correct overtime compensation, to wit: CARPENTER worked more than 40 hours per workweek several weeks of his employment, and was paid performance based bonuses and commissions

without said bonuses and commissions being added to the regular rate of pay to determine the proper overtime rate. In addition, during portions of the Liability Period, GREGORY PEST SOLUTIONS paid CARPENTER less than the state-mandated minimum wage.

15. GREGORY PEST SOLUTIONS is subject to the requirements of the FLSA. Title 29 CFR §778.117 requires an employer to add commission payments to the regular rate when computing overtime.

16. Additionally, 29 U.S.C. §218(a) provides, in part:

> "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter. . . ."

Accordingly, CARPENTER is entitled to be paid the requisite Florida minimum wage, despite that wage being higher than the federal minimum wage.

## **GENERAL FACTUAL ALLEGATIONS**

17. The allegations in paragraph 14 occurred during the liability period.

18. GREGORY PEST SOLUTIONS does not compensate its non-exempt hourly plus bonus/commission employees at the rate of one and one-half times their regular rate for all hours worked over forty each week.

19. GREGORY PEST SOLUTIONS does not compensate its non-exempt hourly plus bonus/commission employees the proper minimum wage for all hours worked.

20. Plaintiff and other similarly situated non-exempt hourly plus bonus/commission employees are not exempt from the maximum hour and minimum wage requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

21. There are numerous persons similarly-situated to Plaintiff who are or were employed in various non-exempt hourly plus bonus/commission positions for GREGORY PEST SOLUTIONS during the liability period.

22. During the liability period, GREGORY PEST SOLUTIONS willfully and recklessly denied the correct overtime compensation to non-exempt hourly plus bonus/commission employees for hours worked over forty (40) per week.

23. During the liability period, GREGORY PEST SOLUTIONS willfully and recklessly denied the correct minimum wage compensation to non-exempt hourly plus bonus/commission employees.

## FIRST CLAIM

24. The allegations in paragraphs 1-22 are incorporated by reference herein.  By its actions alleged above, GREGORY PEST SOLUTIONS willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires non-discretionary bonuses and commissions to be added to the regular rate of pay to determine the proper overtime rate.

25. As a result of the unlawful acts of defendants, Plaintiff and all persons similarly situated to him have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees who were employed by defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, earned performance-based bonuses and commissions during the Liability Period, but were not paid the correct overtime rate as required by the FLSA;

B. To declare that GREGORY PEST SOLUTIONS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiff and persons similarly situated;

C. To declare that GREGORY PEST SOLUTIONS's violations of the FLSA were willful;

D. To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees, damages for the amount of unpaid overtime compensation subject to proof at trial;

E. To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission

employees, liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

    F.    If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

    G.    To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

    H.    To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **SECOND CLAIM**

26.    The allegations in paragraphs 1-21 and 23 are incorporated by reference herein.  By its actions alleged above, GREGORY PEST SOLUTIONS willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires it to pay its employees the requisite minimum wage for all hours worked.

27.    As a result of the unlawful acts of defendants, Plaintiff and all persons similarly situated to him have been deprived of minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees who were employed by defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked in a state with a minimum wage that was greater than the federal minimum wage during the Liability Period, but were not paid the minimum wage rate as required by the FLSA;

B. To declare that GREGORY PEST SOLUTIONS has violated the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206 and 218(a), as to the Plaintiff and persons similarly situated;

C. To declare that GREGORY PEST SOLUTIONS's violations of the FLSA were willful;

D. To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees, damages for the amount of unpaid minimum wage compensation subject to proof at trial;

E. To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission

employees, liquidated damages in an amount equal to the minimum wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

F.   If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.   To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H.   To award Plaintiff, and other similarly situated current and former GREGORY PEST SOLUTIONS non-exempt hourly plus bonus/commission employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

### CONSENT TO JOIN
### PURSUANT TO 29 U.S.C. §216(b)

I, Mark Craig Carpenter, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/Mark Craig Carpenter*
**MARK CRAIG CARPENTER**

Dated: October 2, 2019
Plantation, Florida

                                        Respectfully submitted,

***/s/Robert S. Norell***
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Mark Craig Carpenter*