**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK CRAIG CARPENTER,**

        **Plaintiff,**

**v.**                                                **Case No:  6:19-cv-2079-Orl-41DCI**

**GREGORY PEST SOLUTIONS, INC.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Approval of Settlement (Doc. 28)** |
| **FILED:** | **March 18, 2020** |
| | |
| **THEREON** it is **Recommended** that the motion be **GRANTED**. | |

## I.  Background

Plaintiff brought this action against Defendant for failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act (FLSA).  Doc. 1.  The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement.  Docs. 28 (the Motion); 28-1 (the Agreement).  Under the Agreement, Plaintiff will receive $2,106.76 in unpaid wages, $2,106.76 in liquidated damages, and $6,000.00 in attorney fees and costs.  Doc. 28-1 at 2.  The parties argue that the Agreement represents a reasonable compromise of Plaintiff's FLSA claims, and the parties request that the Court grant the Motion and dismiss the case with prejudice.  Doc. 28.

II.     **Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2009).[3]   The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Analysis

### A.  The Settlement.

The parties assert that the Agreement reflects a reasonable compromise of the disputed issues in this case.  Doc. 28 at 3-4.  The parties have been represented by counsel throughout this case, exchanged information and their own calculations concerning the amount owed Plaintiff, and engaged in settlement discussions.  *Id.*  The parties represent that there exist disputes concerning liability, but Plaintiff agreed to receive a total of $2,106.76 in unpaid wages and an equal amount in liquidated damages.  *Id.* at 4.  The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated in the Motion.  Therefore, it is **RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B.  The Other Terms of the Agreement

Upon review, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.  However, the Agreement includes a provision that contains a sentence that purports to allow the parties to modify the agreement in writing.  *See* Doc. 28-1 at 2.  Because that language would ostensibly permit the

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

parties to modify the agreement without Court approval, the undersigned finds that the sentence is due to be stricken.  Accordingly, it is **RECOMMENDED** that the Court strike the final sentence of paragraph 5 of the Agreement, and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.[4]

### C.  The Separate General Release

The Motion states that: "The Parties also entered into a separate General Release regarding terms and conditions unrelated to Plaintiff's claims in this action, which includes separate consideration."  Doc. 28 at 4.  While some courts have permitted a general release in an FLSA settlement agreement where sufficient separate consideration is made for that release, the parties here neither presented the separate agreement to the Court nor discussed the consideration made or the potential claims waived.  So, while the parties do not explicitly request the Court to approve this separate agreement, the undersigned cannot find that the separate general release is valid.  To burden an FLSA plaintiff with an otherwise impermissible general release simply by making it a separate agreement purportedly outside the Court's purview would run afoul of the requirements of *Lynn's Food* and the cases interpreting that decision in relation to the approval of such a general release in an FLSA settlement agreement.  Thus, it is **RECOMMENDED** that the Court find that the separate general release is not enforceable.

### D.  Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $6,000.00 in attorney fees and costs for representing Plaintiff in this case.  Doc. 28-1 at 2.  The parties state that they "negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim."  *Id*.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately

---

[4] The Agreement contains a "severability" provision.  Doc. 28-1 at 2.

establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (Doc. 28) be **GRANTED**;

2.  The Court find the Agreement (Doc. 28-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3.  The Court strike the final sentence of paragraph 5 of the Agreement;

4.  The case be **DISMISSED with prejudice**; and

5.  The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 24, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy