UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK CRAIG CARPENTER,**

    **Plaintiff,**

v.                                                           Case No: 6:19-cv-2079-Orl-41DCI

**GREGORY PEST SOLUTIONS, INC.,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Joint Motion for Approval of Settlement (Doc. 28). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 29), which recommends that the motion be granted and the Settlement Agreement (Doc. 28-1) be approved with two modifications: striking the modification provision and finding the separate general release negotiated by the parties to be unenforceable. (*See generally* Doc. 29). The parties filed a Joint Limited Objection (Doc. 30), which objects only to Judge Irick's recommendation that the separate general release be found unenforceable.

After an independent *de novo* review of the record, this Court agrees with the analysis in the Report and Recommendation except for the recommendation to find unenforceable the separate general release, which is not part of the FLSA settlement and which is not before the Court. Per the parties' representations, there is consideration for the general release that is separate from that being given in exchange for the settlement of Plaintiff's FLSA claims. (Doc. 30 at 1). Pursuant to *Lynn's Food Stores, Inc. v. United States*, this Court must determine whether a proposed settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA provisions*." 679 F.2d 1350, 1355 (11th Cir. 1982) (emphasis added). Moreover, "the release of non-FLSA claims is generally

not subject to judicial scrutiny." *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015). Accordingly, this Court does not express an opinion as to the validity of the separate general release agreement.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 29) is **ADOPTED** and **CONFIRMED** as set forth herein.
2. The Joint Motion for Approval of the Settlement (Doc. 28) is **GRANTED.**
    a. However, to the extent that the modification provision in the Settlement Agreement (Doc. 28-1 at 2) permits the parties to modify the agreement without Court approval, it is **STRICKEN**.
3. As modified herein, the parties' Settlement Agreement (Doc. 28-1) is **APPROVED**.
4. This case is **DISMISSED with prejudice**.
5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record